IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-48,498-02 and WR-48,498-04






IN RE JAMES RASMUSSEN









ON SHOWING OF GOOD CAUSE FOR UNTIMELY FILED DOCUMENTS IN
APPLICANT TAYLOR'S CASE AND USE OF COURT OF CRIMINAL
APPEALS EMERGENCY E-FILING SYSTEM FROM CAUSE NO. 0542281 IN
THE 297TH DISTRICT COURT

TARRANT COUNTY




 Per Curiam. Price, J., not participating.


O R D E R



 Applicant Elkie Lee Taylor was set for execution on Thursday, November 6, 2008. 
Pursuant to our Miscellaneous Rule 08-101 setting out the requirements and possible
consequences of filing pleadings within the forty-eight hours preceding an applicant's
execution, applicant's counsel James Rasmussen filed what purported to be a subsequent
application for writ of habeas corpus and a motion for stay of execution. Alternatively,
Rasmussen suggested that we, on our own motion, reconsider our disposition of his first
subsequent writ application. Under Rule 08-101, counsel was required to file with these
untimely documents "a detailed explanation stating under oath, subject to the penalties of
perjury, the reason for the delay and why counsel found it physically, legally, or factually
impossible to file a timely request or motion." See Misc. Rule 08-101 § 2. Although counsel
filed such an explanation, by its language, his explanation applied only to the filing of the
suggestion that the Court reconsider its decision on applicant's previous writ application and
the motion for stay of execution.

 Counsel is now ordered to show cause why he failed to comply with this requirement
of the rule as it applied to the filing of a new application. Counsel is also ordered to show
cause why he failed to comply with Rule 4 of the rules governing this Court's emergency e-filing procedures which requires a party to file the required number of copies of his pleadings
in the Court of Criminal Appeals Clerk's office the next business day after a pleading has
been accepted by emergency e-filing. Counsel's sworn affidavit complying with this order
is due in this Court within 15 days of the date of this order.

 IT IS SO ORDERED THIS THE 10TH DAY OF NOVEMBER, 2008.


Do Not Publish